IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANNIE TATE                                                                PLAINTIFF

v.                                                     CIVIL ACTION NO. 1:11-CV-00268-GHD-DAS

OFFICER RICK SHARP, Individually and
in His Official Capacity; OKTIBBEHA COUNTY;
and OKTIBBEHA COUNTY SHERIFF'S DEPARTMENT                                 DEFENDANTS

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO DISMISS AS MOOT

Presently before this Court is Defendants' motion to dismiss [53] pursuant to Rule 37 of the Federal Rules of Civil Procedure and Plaintiff's motion to dismiss Defendants' motion [55]. After due consideration, the Court finds that both motions should be granted in part and denied in part.

*A. Factual and Procedural Background*

On December 27, 2011, Plaintiff Annie Tate ("Plaintiff") filed suit against Defendants Officer Rick Sharp, individually and in his official capacity; Oktibbeha County; and the Oktibbeha County Sheriff's Department. She alleges her constitutional rights were violated under 42 U.S.C. § 1983 when she was falsely arrested, subjected to excessive force, maliciously prosecuted, and denied her right to free speech. She further alleges that Defendants' acts were committed as a result of policies and customs of Oktibbeha County and the Oktibbeha County Sheriff's Department. On March 15, 2012, Defendant Sharp filed a motion for qualified immunity [11]. The case has been plagued with discovery woes since that time.

On March 19, 2012, while merits-discovery was stayed pending the Court's ruling on Defendant Sharp's motion for qualified immunity, Plaintiff filed a motion to compel [14]

discovery responses from Defendants. The United States Magistrate Judge denied this motion, because Plaintiff had prematurely served merits-discovery on Defendants prior to the attorneys' discovery conference and without otherwise seeking leave to do so—in violation of the rules of the Court. The Court then entered an Order [25] and opinion [26] dismissing Plaintiff's excessive force claim and First Amendment free speech claim against Defendant Sharp on qualified immunity grounds, sustaining all other claims, and lifting the stay on merits-discovery.

Subsequently, the Magistrate Judge set a Rule 16.1 telephonic case management conference to be initiated by Plaintiff's counsel and advised counsel for the parties to send in their confidential settlement memoranda and proposed case management order by March 25, 2013. Plaintiff's counsel did not initiate the conference, nor did he submit a confidential settlement memorandum or proposed case management order. Therefore, the Magistrate Judge entered an Order [31] sanctioning Plaintiff's counsel $100.00 and also entered a Case Management Order [32] setting pretrial deadlines in the case.

On June 19, 2013, Plaintiff's counsel filed a motion [41] for a protective order to continue her deposition and to continue the trial due to the election of Plaintiff's counsel as mayor of the City of Jackson. The Magistrate Judge entered an Order [42] granting Plaintiff's request to continue her deposition and ordering Plaintiff to file a motion to substitute counsel and/or to allow counsel to withdraw within fourteen days of the Order. The undersigned entered a separate Order [43] denying Plaintiff's request for a continuance of the trial date, as the trial setting allowed adequate time for preparation and substitution of counsel, if deemed appropriate.

On July 22, 2013, Defendants filed a motion to compel [44] Plaintiff to appear at her deposition and to more fully respond to discovery, as Plaintiff had failed to comply with the Court's fourteen-day deadline to file a motion to substitute counsel or to allow counsel to

withdraw. Plaintiff did not respond to the motion to compel. The Magistrate Judge entered an Order [47] granting the unopposed motion to compel and ordered Plaintiff to appear for her deposition within twenty-eight days and to serve supplemental responses to the interrogatories referenced in the motion to compel within fourteen days. The Magistrate Judge declined to impose sanctions but cautioned that if Plaintiff failed to comply with the Order or otherwise failed to cooperate with discovery, sanctions would likely be imposed. Meanwhile, the Magistrate Judge entered an Order [50] denying a motion for Plaintiff's new attorney to appear *pro hac vice* as the application did not comport with the rules of the Court. The Magistrate Judge also granted Defendants' request to extend the case management deadlines.

On September 20, 2013, Defendants filed the present motion to dismiss [52] the case pursuant to Rule 37 based on Plaintiff's continued failure to cooperate in discovery. Rather than filing a response to Defendants' motion to dismiss [52], Plaintiff filed a motion to dismiss [55] Defendants' motion. Defendants subsequently filed a reply in support of their motion to dismiss [52]. These matters are now ripe for review.

*B. Analysis and Discussion*

The Court has the inherent power "to control its docket by dismissing a case as a sanction for a party's failure to obey court orders." *See Gonzales v. Trinity Marine Gp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (internal citations omitted). "Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties." *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977). Rule 37 allows the Court to impose the following sanctions: **(1)** the court may order that designated facts be taken as true in favor of the party seeking compliance with discovery, FED. R. CIV. P. 37(b)(2)(A)(i); **(2)** the court may enter an order refusing to allow the noncomplying party to

3

support or oppose designated claims or defenses, or prohibiting the party from entering designated matters in evidence, FED. R. CIV. P. 37(b)(2)(A)(ii); **(3)** the court may enter an order striking pleadings or parts thereof, or staying further proceedings until the party obeys the order, FED. R. CIV. P. 37(b)(2)(A)(iii), (iv); **(4)** the court may enter an order treating as contempt the failure to obey any orders,[1] FED. R. CIV. P. 37(b)(2)(A)(vii); **(5)** the court may require the party to pay the reasonable expenses, including attorney's fees, caused by the party's failure to obey the court's orders, FED. R. CIV. P. 37(C); **(6)** the court may enter an order dismissing the action or proceeding in whole or in part, FED. R. CIV. P. 37(b)(2)(A)(v); and **(7)** the court may render a default judgment against the noncomplying party, FED. R. CIV. P. 37(b)(2)(A)(vi).

Defendants contend that Plaintiff's complaint should be dismissed pursuant to Rule 37(b)(2)(A)(v), because Plaintiff's counsel in willfulness or bad faith: **(1)** failed to file initial disclosures; **(2)** failed to submit a case management memorandum or proposed scheduling order (which led to a $100.00 sanction); **(3)** failed to withdraw or file a substitution of counsel by the date ordered by the Magistrate Judge; **(4)** failed to comply with the Court's Order requiring Plaintiff to supplement her discovery responses by the date ordered by the Magistrate Judge; and **(5)** along with Plaintiff, failed to appear for Plaintiff's deposition, which was noticed for September 18, 2013 in Starkville, Mississippi, in violation of the Court's previous Order requiring that Plaintiff's deposition be taken no later than September 19, 2013.

Defendants maintain that Plaintiff's actions provide a clear record of delay or contumacious conduct justifying dismissal. They further maintain that a monetary sanction likely will not deter future dilatory conduct, as Plaintiff missed three Court-ordered deadlines after sanctions had been imposed. Defendants also maintain that their preparation for trial was

---

[1] The exception to this is that the court may not enter an order treating as contempt the failure to obey "an order to submit to a physical or mental examination." *See* FED. R. CIV. P. 37(b)(2)(A)(vii).

substantially prejudiced by Plaintiff's failure to cooperate in discovery, as Defendants only have thirty days from the date of the filing of their motion to designate an expert and sixty days to complete discovery, and Plaintiff's failure to supplement her discovery responses and to appear for her deposition have left the Defendants with no clear understanding of Plaintiff's version of events or her claim for damages. Defendants further maintain that although the failure to meet Court-ordered deadlines is clearly the fault of Plaintiff's counsel, it is not clear whether the failure to cooperate in discovery is also the fault of the Plaintiff. Finally, Defendants maintain that Plaintiff's new attorney Timothy Mays' failure to meet the necessary requirements for *pro hac vice* admission does not justify Plaintiff's failure to comply with Court Orders and participate in discovery. Thus, Defendants request dismissal with prejudice. Pursuant to Rule 37(C), Defendants further request a monetary sanction in the amount of $2,269.00 to reimburse Defendants for costs and attorney's fees related to the preparation and attendance at the September 18, 2013 deposition that Plaintiff and her counsel failed to attend, as well as for the drafting of the present motion to dismiss.

Plaintiff argues in her motion to dismiss [55] Defendants' motion that her failure to cooperate with discovery is due to her attorney Chokwe Lumumba being elected mayor of the City of Jackson and to "mere oversight." Plaintiff further argues that on July 31, 2013, Attorney Ali Muhammad ShamsidDeen entered his motion to appear as a host attorney prior to Timothy Mays' motion to appear *pro hac vice* and was "totally unable to immediately continue this cause without admission of Timothy Mays or some delay." Plaintiff argues that only the Court's Order granting Defendants' motion to compel, a notice of deposition, and a motion to extend case management deadlines occurred between the entrance of ShamsidDeen's appearance and the denial of Mays' *pro hac vice* application and that only an order on the motion to extend case

management deadlines followed the denial of the *pro hac vice* application. Plaintiff maintains that she has made a good-faith effort to comply with discovery in light of these developments and that her intent is not to delay or to prejudice this cause but only that justice may be done.

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part:

> (b) Failure to Comply with a Court Order.
>
> . . .
>
> > (2) Sanctions Sought in the District Where the Action is Pending.
> >
> > > (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> > >
> > > . . .
> > >
> > > > (v) dismissing the action or proceeding in whole or in part[.]

FED. R. CIV. P. 37(b)(2)(A)(v).

Dismissal of a case may be ordered as a sanction for violating a discovery order only when (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order is attributable to the client, as opposed to counsel; (3) the non-compliant party's conduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–1381 (5th Cir. 1994) (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)). The Fifth Circuit has noted that a district judge should use the draconian remedy of dismissal with prejudice only in extreme circumstances. *See Griffin*, 564 F.2d at 1172; *Roy v. ADM Grow Mark*, 211 F.3d 593, 2000 WL 329273, at *3 (5th Cir. 2000). "Deliberate, repeated refusals to

comply with discovery orders have been held to justify the use of this ultimate sanction." *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) (dismissal affirmed where plaintiff three times refused to appear for a deposition); *see also Jones v. La. State Bar Ass'n*, 602 F.2d 94 (5th Cir. 1979) (dismissal where plaintiff deliberately refused two orders to produce recordings and documents he possessed); *Emerick v. Fenick Indus.*, 539 F.2d 1379 (5th Cir. 1976) (default entered where defendant ignored three orders to produce documents). *See also Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418, 2011 WL 5903455, at *1 (5th Cir. 2011).

In the case *sub judice*, the Court cannot ascertain to what degree, if any, Plaintiff was personally responsible for the repeated delays and failures to cooperate with discovery—although it is apparent to the Court based on Plaintiff's motion that Plaintiff's counsel is at least largely responsible for these particular failures due to Plaintiff's counsel being elected mayor of the City of Jackson and Mays' failure to file a proper motion for admission *pro hac vice*. Defendants have suffered prejudice due to Plaintiff's delays and non-cooperation due to making arrangements to appear at a scheduled deposition for which neither Plaintiff nor her counsel were present, as well as the cost and time taken to file motions to attempt to get Plaintiff to cooperate with deadlines and to further supplement discovery. The Court cannot determine whether Plaintiff's conduct has been intentional or not, though it constitutes at least flagrant neglect. Taking all of these factors into account, the Court finds that dismissal of the case *sub judice* is not warranted at this time, despite the repeated failures on the part of Plaintiff's counsel to comply with the rules of the Court. The Court is reluctant to dismiss the case in its entirety based on abuses which may be due only to Plaintiff's counsel and not Plaintiff herself. However, if Plaintiff's counsel persists in failing to cooperate with the Court's Orders and deadlines, the Court will at that time entertain a renewed motion to dismiss on Rule 37 grounds. Both Plaintiff

and her counsel are strongly cautioned that further failure to comply with orders and deadlines **will** result in dismissal of the case.

Further, pursuant to Rule 37(C), which provides that "the court may require the party to pay the reasonable expenses, including attorney's fees, caused by the party's failure to obey the court's orders," the Court will assess the monetary sanction of one-half of the amount sought, $1,134.50, which Plaintiff's counsel must pay to Defendants' counsel to reimburse Defendants' counsel for costs and attorney's fees related to the preparation and attendance at the September 18, 2013 deposition, which Plaintiff and her counsel did not attend, as well as for the drafting of Defendants' present motion to dismiss. This sanction is not assessed against Plaintiff's successor counsel, Timothy Mays.

*C. Conclusion*

In sum, Defendants' motion to dismiss [53] brought pursuant to Rule 37 of the Federal Rules of Civil Procedure shall be GRANTED IN PART AND DENIED IN PART, and Plaintiff's motion to dismiss [55] Defendants' motion shall be DENIED AS MOOT. Plaintiff's counsel must reimburse Defendants' counsel the amount of $1,134.50 for the reasonable expenses caused by Plaintiff's failure to obey the Court's Orders.

A separate order in accordance with this opinion shall issue this day.

THIS, the 21st day of October, 2013.

_____
SENIOR JUDGE